Nov. Term,
1859.

THE INDIAN-
APOLIS, &c.,
RAILRO'D Co.
v.
REMMY.

THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY
*v.* REMMY and Another.

A suit against a carrier for a breach of his contract as such, should be upon
the bill of lading, under the code, where such a bill is given, and embraces
the terms of the contract.

The terms of such bill of lading cannot be varied by parol evidence.

*Tuesday,
December* 20.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—*Remmy* and *Spaugh* sued the *Indianapolis
and Cincinnati Railroad Company*, for a failure to deliver,
in time and condition, freight, consisting of certain car
loads of hogs.   The complaint states that the company
"agreed to and with the plaintiffs that, in consideration of
the payment of a large sum of money, to-wit," &c., "the
said company would carry said hogs with all proper care
and speed," &c., "to," &c.; "and that in pursuance of said
contract," &c., the hogs were delivered and received, &c.

The agreement is not alleged to be in writing.

For breach, it is averred that, through carelessness and
negligence, the hogs were not delivered with proper speed
and in good condition, &c.

Trial upon the general denial of the complaint; judg-
ment for the plaintiffs.

On the trial, it turned out that the hogs were received
upon a written contract, called a bill of lading, showing
how many car loads of hogs were received, and at what
point; also, the point at which they were to be delivered,
and the price to be paid for transportation; that they were
to be transported "without unnecessary delay, and deliv-
ered in as good condition as they then were in;" and con-
taining, further, a number of stipulations in regard to the
duties and liabilities, and exemptions therefrom, of the
company.   The written contract was given in evidence.

The Court, in effect, instructed the jury that, though the
bill of lading stipulated that the hogs were to be trans-
ported "without unnecessary delay," yet the plaintiffs
might prove by parol that, "about the time the written con-
tract was entered into," one *Jacob Mills*, an agent of the

Nov. Term,
1859.

THE INDIAN-
APOLIS, &c.,
RAILRO'D Co.
v.
REMMY.

company, but one who had nothing to do with making the written contract, told the plaintiffs that the hogs should be shipped that night, and that such statement might have effect as a part of the contract. This is not the language, but it is the import of the instruction. Exception was taken.

The instruction was erroneous. The bill of lading contained an express stipulation on the subject, viz., that the goods were to be transported without unnecessary delay, and that stipulation could not be varied by parol evidence.

In a standard work on carriers, it is laid down that parol evidence is not admissible to vary the common form of a bill of lading in regard to the stipulations as to the condition in which the goods were to be delivered, with the exceptions, &c. Ang. on Car. § 229. So, "a parol agreement between the master of a vessel and a shipper of goods, before and at the time of executing a bill of lading, permitting the master to deviate from the usual route, is inadmissible evidence in an action by the shipper against the owners of the vessel, to recover for the loss of the goods." Id., § 228.

As to how far carriers may exempt themselves from liability by stipulations in a bill of lading, see Wright v. Gaff, 6 Ind. R. 416.

The point is made that the bill of lading, disclosed in the evidence, should have been counted upon as the foundation of the action, and the Court is unanimously of that opinion. The complaint in this case is clearly for a breach of contract; and the contract actually broken, it appears, was a written contract. And where a suit is for the breach of a contract, the suit, in legal parlance, is said to be founded upon the contract. It is so even in cases of promissory notes. The suit is justified by the breach of the contract to pay, but is said to be founded upon the note. But the code provides that where any pleading is founded on a written instrument, the instrument, or a copy of it, must be filed with the complaint, and shall become a part of the record without being copied into the pleading. 2 R. S. p. 44.—Perk. Pr. 170. And this Court has held that, where

it appears that such written instrument exists, and should properly be made the foundation of the action, it must be made so. This is the spirit of the statute. *Id.*, p. 222.

Here, there was a bill of lading, embracing all the terms of a contract touching the subject-matter involved—a contract, by the written terms of which, the parties were bound, and their rights and liabilities to be determined—a contract of a high and fixed character, which could not, as we have seen, be varied by parol evidence; and we are clear that it should have been referred to in, and filed with, the complaint. As this case stood, if the fact of the written contract had been disclosed, it would seem that parol evidence must have been excluded, because of the written, and the written, because not sued on.

The bill of lading was not, in this case, a mere receipt. It contained the terms of a complete contract. See *Pribble* v. *Kent*, 10 Ind. R. 325; *Henry* v. *Henry*, 11 *id.* 236.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Gavin* and *O. B. Hord*, for the appellants.

*J. S. Scobey* and *W. Cumback*, for the appellees.