THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAIL-
ROAD CO. v. WORLAND, EX'R.

CONTRACT.—*Pleading.*—*Evidence.*—Where, in an action against a common carrier to recover damages arising from delay in the transportation and delivery of live-stock, the complaint is based upon a special contract, the plaintiff cannot sustain his action by proof of a breach of an implied contract, or of the legal duty of the defendant as a common carrier, to transport the stock in a reasonable time. In such case, there would be, not a variance, but a failure of proof.

From the Shelby Circuit Court.

*C. Baker, O. B. Hord,* and *A. W. Hendricks,* for appellant.
*K. M. Hord, A. Blair,* and *D. L. Wilson,* for appellee.

DOWNEY, J.—Action by the appellee against the railroad company. The complaint alleges a special contract, by which the railroad company agreed with the plaintiff's testator to transport sixteen car loads of hogs from Shelbyville to Jeffersonville, at the price of twenty-five dollars per car; that the decedent shipped in the sixteen cars eight hundred and forty hogs, on the evening of February 3d, 1872, which the defendant agreed to deliver in Jeffersonville on the following day, at nine o'clock A. M.; that the train on which the hogs were shipped, by running as specified in the time-card, would have arrived in said city of Jeffersonville at that hour, but, by the negligence of the defendant, the cars were detained upon a side-track for thirty-six hours longer than they should have been, and the hogs were not delivered until five o'clock of February 5th, 1872; that, owing to the cold and inclement weather, sixteen of the hogs died, and the others lost flesh from being deprived of food and water; the value of the hogs which died and the damage to the others are alleged.

An answer, consisting of the general denial and three special paragraphs, was filed, to the special paragraphs of which there was a reply in denial.

A trial by jury was had, and there was a general verdict for

the plaintiff, and, also, answers to interrogatories propounded at the instance of the defendant, as follows:

" 1. State if there was any special contract between the plaintiff and the defendant for the carrying of the hogs.

"Ans. None.

" 3. Did the defendant agree to deliver the hogs at Jeffersonville at any certain time?

"Ans. No certain time.

" 4. If there were any delays in the transportation of the hogs, from what reason did such delay occur?

"Ans. From not furnishing cars on time.

" 5. If the jury find any negligence on the part of the defendant, state in what said negligence consisted.

"Ans. By not furnishing power to move it."

There was no answer to the second interrogatory, and hence we do not set out that interrogatory.

The defendant moved the court for judgment on the special findings, on the ground that they were inconsistent with and contradicted the general verdict, and because the jury had found that there was no special contract proved between the parties, and that the delay in the transportation of the hogs was occasioned by not furnishing cars on time. This motion was overruled, and the defendant moved for a new trial, which was also overruled, and there was final judgment for the plaintiff.

The errors assigned are:

1. Overruling the defendant's motion for judgment on the special findings; and,

2. Overruling his motion for a new trial.

It seems to have been held by the court, in overruling the motion for judgment on the special findings and instructions given to the jury, that the plaintiff could recover, although he failed to prove the special contract alleged in the complaint.

This presents the question, whether the plaintiff, in such a case, can count upon a special contract and recover upon an implied contract to carry in a reasonable time, or for a breach of the legal duty of the corporation as a common carrier. In

other words, is there a fatal variance in this case between the contract alleged and the case which the jury found to have been proved? It is provided in the civil code that, when the allegation of the claim or defence, to which the proof is directed, is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance within the sections preceding, but a failure of proof. 2 G. & H. 116, sec. 96. We think the case must be governed by this section, and that there was a "failure of proof" within the section cited.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion of the defendant for judgment on the special findings.