The Indianapolis, Decatur and Western Railway Company v. Forsythe.

## No. 253.

## THE INDIANAPOLIS, DECATUR AND WESTERN RAILWAY COMPANY v. FORSYTHE.

COMMON CARRIER.—*Destruction of Goods in Transit by Fire.*—*Contract Limiting Carrier's Liability.*—*Action Must be Upon.*—*Negligence.*—*Burden of Proof.*—Where an owner of goods when he delivered the same to a common carrier for shipment received and accepted a bill of lading therefor which contained a stipulation against the carrier's liability for loss by fire, and the goods were so destroyed, an action against the carrier for their loss must be instituted on the contract and not on the common law liability. The burden of proof in such an action would be on the owner to establish negligence.

SAME.—*Right to Limit Liability.*—*Special Contract.*—*Negligence.*—A common carrier may, by special contract, limit his common law liability as an insurer for damages not occasioned by his own negligence. Fire which does not occur through the carrier's fault is a casualty against which he may exonerate himself from responsibility by contract with the shipper. As to whether or not the carrier was guilty of negligence is a fact for the jury. Negligence can not be inferred from the mere fact. that the fire occurred while the goods were in the carrier's possession and in transit when there is a contract exempting the carrier from liability as an insurer.

From the Marion Circuit Court.

*R. B. F. Peirce*, for appellant.

*W. A. Van Buren* and *L. H. Reynolds*, for appellee.

REINHARD, J.—The appellee brought this action in the court below against the appellant for damages, charging said appellant with liability for goods destroyed by fire while in transit from Guion, Indiana, on the line of its road, to Greenfield, in the same State. The complaint declares upon a parol or implied agreement for the transportation of certain household goods for a valuable consideration, and charges that while said goods were stored in the company's freight depot at Indianapolis, through the negligence and carelessness of the appellant and its servants, the building took fire and burned, and with it all of said goods. There was an answer of general denial by the appellant, the cause

was submitted for trial to a jury, resulting in a verdict and judgment in favor of the appellee for the value of the property.

The appellant has assigned but one error, viz.: the overruling of the motion for a new trial. One of the causes contained in the motion, and which is urged upon us as a sufficient reason for the reversal of the judgment, is the insufficiency of the evidence to sustain the verdict.

The evidence shows, without contradiction, that the appellee, when he delivered the goods to the appellant for shipment, received and accepted a bill of lading for the same, which he identified while upon the witness stand and which is set out in the record as a part of his testimony. This bill of lading contains a stipulation against the appellant's liability for loss by fire.

It is insisted by the appellant's counsel that the action should have been upon the bill of lading, and that there is, consequently, a fatal variance between the complaint and the proof. We are of the opinion that in this claim the appellant is sustained by the authorities. *Lake Shore, etc., R. W. Co.* v. *Bennett*, 89 Ind. 457; *Hall* v. *Pennsylvania Co.*, 90 Ind. 459; *Bartlett* v. *Pittsburgh, etc., R. W. Co.*, 94 Ind. 281; *Snow* v. *Indiana, etc., R. W. Co.*, 109 Ind. 422; *Louisville, etc., R. R. Co.* v. *Wilson*, 119 Ind. 352.

It is argued, however, that the right of action set up in the complaint is not upon contract, but for a breach of the carrier's common law duty, which is in reality a tort, and that a declaration upon the bill of lading in this cause would have been of no avail to the appellant in any event, for the manifest reason that the destruction of the goods is averred to be the result of negligence, and that against this the law does not permit the carrier to contract. The further argument of the appellee is that if the carrier has a contract which exempts it from liability, it devolves upon such carrier to set up the contract and prove it in defence of the action.

There is some force in this contention of the appellee's counsel, and it might present a question of some difficulty if the cases cited had not established a different rule. It is doubtless true that the carrier can not limit his common law liability for negligence by contract; and if the evidence showed a case of negligence, the bill of lading would be no defence, nor do we think in such a case it would necessarily constitute the foundation of the action. But we can not agree with counsel that the mere fact that the goods were destroyed by fire while in the appellant's possession was conclusive or even presumptive proof of negligence; that it would have furnished a presumption of liability, in view of the carrier's common law duties as an insurer of goods, is doubtless true in the absence of any contract. But the common law liability of the carrier as an insurer may be limited by special agreement, and fire which does not occur through the carrier's fault is a casualty against which he may exonerate himself from responsibility by contract with the shipper. Hutchinson Carriers, section 248 *b;* Schouler Bailment and Carriers, section 456 ; *Rosenfeld* v. *Peoria, etc., R. W. Co.,* 103 Ind. 121.

If, then, the liability is one from which the carrier might relieve himself by contract, and such a contract was in fact entered into, there can be no doubt under the Indiana authorities that the action must be upon the contract, and not upon the common law liability. The contract is, of course, not conclusive as to the right of recovery. After it is introduced in evidence, it then remains to be seen from the facts showing the loss, whether such loss was or was not occasioned by some cause within the exception, but the burden of showing negligence in such case is upon the plaintiff. 2 Am. and Eng. Encyc. of Law, 905 and notes; 22 Am. L. Rev. 223.

In *Hall* v. *Pennsylvania Co., supra,* the obligation to carry was that of the common law, as much so as in the case at bar. At the time of shipment the carrier delivered to the

shipper a bill of lading exempting the former from responsibility in case of loss by fire. The goods were burned while in transit and the plaintiff, ignoring the bill of lading, sued upon the implied contract of a common carrier. The court in deciding the case said :

" When the evidence showed, as it did, that the decedent's sugar was delivered to and received by the appellee for transportation and delivery, under the terms of a special contract, there could be no recovery by the appellant in this action, because the special contract was not sued on, and because of the fatal variance between the case made by the allegations of the complaint and the case made by the evidence." See, also, *Jeffersonville, etc., R. R. Co.* v. *Worland,* 50 Ind. 339.

It is true in the case from which we have quoted the fire was caused by a mob, and the railroad company did its utmost to protect the property against injury or destruction, while in the case now under consideration the fire was caused by some other agency, and while the goods were stored in a freight depot, in alleged violation of the carrier's obligation to forward them. But in principle there can be no difference between the two cases. Fire was one of the casualties provided against in the contract in the case at bar. Fire is a casualty that may be contracted against unless it was caused by the negligence of the carrier, as we have seen. Such negligence can not be inferred from the mere fact that it occurred while the goods were in the carrier's possession and in transit, where there is a contract exempting the carrier from liability as an insurer. Negligence is a question for the court or jury, and if it turn out in evidence that the loss is one that arose from negligence, against which the contract does not exempt either in terms or by operation of law, then the carrier is held liable, otherwise not.

We think the case quoted from and the other cases cited are decisive of the point that the suit should have been on the contract. We are aware that there are authorities apparently declaring a different doctrine, and holding that in

such cases, even though there be a special contract, the party injured by a breach of the carrier's duty may elect either to sue in tort, on the custom of the realm, or to waive the tort and sue *ex contractu*. 2 Am. and Eng. Encyc. of Law, 903. But whatever may be regarded as the proper rule elsewhere, we feel in duty bound to follow that established by our own Supreme Court.

Our conclusion is that there was a total failure of proof. As was held in *Hall* v. *Pennsylvania Co.*, *supra*, as soon as the evidence disclosed the fact that there was a contract, it was the duty of the court to decide that there could be no recovery on the case made by the complaint. The motion for a new trial should have been sustained.

The other question presented will probably not arise again, and we need not decide it.

Judgment reversed.

Filed Feb. 2, 1892; petition for a rehearing overruled April 2, 1892.