[No. 1520, June 7, 1913.]

LEON B. STERN, Appellee, v. FARAH BROS., a Firm and Co-partnership, Composed of Andres Farah and M. Farah, Appellants.

Appeal from District Court, Bernalillo County.

### ON MOTION FOR REHEARING.

HANNA, J.—Plaintiff and appellee assign the following grounds for rehearing in this cause, viz:

"1. Because the action of plaintiff was based upon a breach of the contract sued on, taken as a whole and considered in the light of all the surrounding conditions and circumstances, and not upon a breach of an executory contract for the sale of goods, and this question was duly submitted by counsel, and has apparently been overlooked by the court.

Stern v. Farrah Bros., 17 N. M. 516.

"2.   Because the action of plaintiff was to recover damages suffered on account of the necessity of hurriedly selling his merchandise for what he could get for it, and at a sacrifice, a necessity brought about by plaintiff's performance of his part of the agreement with defendants, coupled with their refusal to perform their part of that agreement, and this question was duly submitted by counsel and has apparently been overlooked by the court.

"3.   The question of whether the agreement sued on constituted one, entire, indivisible contract, duly submitted by counsel, has apparently been overlooked by the court."

In our consideration of this case we did not overlook the contention of appellee that the alleged agreement constituted one, entire, indivisible contract, and have again given this point our careful consideration in passing upon the merits of the motion now before us.   Precise rules for the determination of whether a contract be entire or separable cannot be laid down, and it is well said to depend upon the intention of the parties.   Parsons on Contracts, sec. 517.   We do not deem it necessary to inquire into what the parties intended in framing the alleged agreement involved in the present case.   Conceding that the contract be one, entire, agreement, we could not find authority supporting the contention that damages should be awarded for the breach of that portion of the contract providing for the sale of the merchandise.   In our opinion there was, in effect, no contract so far as the proposed sale of the merchandise was concerned.

In our view of this case to sustain the judgment of the court below would be to enforce as as valid contract, an alleged agreement otherwise not enforcible so far as the sale of merchandise is concerned.

Counsel for appellee in their brief upon this motion, state that the amended complaint will show that there is no purpose of insisting upon a recovery under the contract of sale, and in the first ground urged in support of the present motion further say that the action of plaintiff was based upon a breach of the contract sued on, taken as a whole and considered in the light of all the surrounding conditions and circumstances, and not upon a breach

of an executory contract for the sale of goods. In our earlier consideration of the case we were viewing the facts of the case as one where damages were sought for the breach of a contract which the law could not enforce, which could be avoided, at the election of either party, without the violation of a common law duty. We believed that if there was not a right to enforce the contract of sale, there could not be a measure of damages for the breach of the alleged contract in that respect. Now if we are to divorce from our consideration of the case, the element of attempted recovery under a contract of sale, and consider only the breach "in the light of all the surrounding conditions and circumstances," we pass from an action *ex contractu* to an action *ex delicto,* or one sounding in tort.

In the agreement with which we are concerned, the plaintiff agreed to secure a lease for the defendants to take effect at a later date, January 1st, 1909, or before, if mutually agreed upon; the defendants agreed to take all shelving, counters and tables at one-half what they were worth new, the value to be determined by persons to be named by each of the parties; the defendants also agreed to take assorted merchandise to the amount of Five Thousand Dollars (or more if so agreed upon by both parties), at a price to be determined by two appraisers, etc. The consideration for the sale of the fixtures was to be determined by persons other than the appraisers of the merchandise, and the defendants never refused to take the fixtures, but did refuse to take the merchandise for reasons given by them. The plaintiff refused to deliver the fixtures after the appraisement of same, because of defendants' refusal to take the merchandise. The amended complaint, so far as the claim for damages for the alleged breach of the contract is concerned, deals only with that portion of the alleged contract which provided for the sale of the merchandise.

The plaintiff alleged that, in consequence of the failure, neglect, and refusal of defendants to carry out and perform their part of the agreement, he found himself with the large stock of merchandise on his hands, deprived of his place of business, except for the remainder of his lease-

hold term, and compelled to hurriedly sell said stock at the best prices obtainable, and, thereby suffered loss and incurred expenses in the sum of seven thousand dollars, all of which was caused by the failure and refusal of defendants to keep and perform their agreement. The complaint concluding with a prayer for "damages caused by defendants' breach of their said contract and agreement."

We have doubts as to whether in any light we may look upon this case, the amended complaint can be considered as stating a cause of action in tort, but if we assume that it does, we could not find in favor of the plaintiff below.

We have not lost sight of the fact that a tort may grow out of, or be coincident with a contract, and that a breach of a contract may be so intended and planned as to become a tortious and wrongful act or omission.

It is a general rule that where there is a breach of duty which is imposed upon one by law, plaintiff may, at his election sue and declare upon the expressed or implied contract, or for the tort. 15 Cyc. 254.

It has been decided however, that where there is no legal duty except that arising from the contract, there can be no election between an action on contract and one on tort, since in such case there is no cause of action in tort. 15 Cyc. 255; Parrill v. Cleveland, etc., 23 Ind. App. 638; 55 N. E. 1026; Rich v. New York Cent. & Hud. Riv. R. R. Co., 87 N. Y. 398.

It was said by the New York Court of Appeals in the case of Rich v. New York Cent. & Hud. Riv. R. R. Co., supra, that,

"It may be granted that an omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty. But such legal duty may arise, not merely out of certain relations of trust and confidence, inherent in the nature of the contract itself, as in the cases referred to in the respondent's argument, but may spring from extraneous circumstances, not constituting elements of the contract as such, although connected with and dependent upon it, and born of that wider range of legal duty which is due from every man to his fellow to respect his rights of property and person,

and refrain from invading them by force or fraud. It has been well said that the liability to make reparation for an injury rests not upon the consideration of any reciprocal obligation, but upon an original moral duty enjoined upon every person so to conduct himself, or exercise his own rights as not to injure another. (Kerwhacher v. C. C. & C. R. R. Co., 3 Ohio St. 188). Whatever its origin such legal duty is uniformly recognized, and has been constantly applied as the foundation of actions for wrongs; and it rests upon and grows out of the relations which men bear to each other in the framework of organized society. It is then doubtless true, that a mere contract obligation may establish no relation out of which a separate or specific legal duty arises, and yet extraneous circumstances and conditions, in connection with it, may establish such a relation as to make its performance a legal duty, and its omission a wrong to be redressed. The duty and the tort grow out of the entire range of facts of which the breach of the contract was but one. The whole doctrine is accurately and concisely stated in 1 Chit. Pl. 135, that 'if a common-law duty result from the facts, the party may be sued in tort for any negligence or misfeasance in the execution of the contract.' "

We cannot see what common law duty resting upon defendants, is disclosed by the facts of this case.

Without going further into the merits of the motion, we must deny the same.