# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS THE DISTRICT COURTS, AND THE COMMERCE COURT

---

## KIDWELL v. OREGON SHORT LINE R. CO.

### (Circuit Court of Appeals, Ninth Circuit. October 26, 1913.)

### No. 2,247.

**1.** CARRIERS (§ 218\*)—TRANSPORTATION OF LIVE STOCK—INJURIES—NOTICE AT DESTINATION.

A provision in a contract for the transportation of live stock, declaring that claims for loss or damage thereto must be presented within 10 days from the date of unloading the stock at destination and before it has been mingled with other stock, was not complied with by a remark of the owner to a freight agent of the carrier along the route or at destination that he was going to put in a claim for damages, since to impart information that a claim will be presented is not to present a claim for loss, damage, or detention.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.\*]

**2.** CARRIERS (§ 218\*)—TRANSPORTATION OF LIVE STOCK—CLAIM FOR DAMAGES—NOTICE—TIME—STIPULATION—VALIDITY.

A stipulation in a live stock transportation contract, requiring notice of a claim for damages within 10 days from the date of unloading the stock at destination and before it has been mingled with other stock, is reasonable and valid, and a failure to comply therewith is a complete defense to an action for injuries to the stock.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.\*]

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by James G. Kidwell against the Oregon Short Line Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error brings under review a judgment of nonsuit rendered against him in an action which he brought against the defendant in error to recover damages for injury to cattle. The parties will be designated plaintiff and defendant as in the court below. The complaint alleged in substance that the defendant, a common carrier operating a line of railroad from Huntington, Or., to American Falls, Idaho, and the Union Pacific Railroad Company, a carrier operating a railroad from Granger, Wyo., to Omaha,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Neb., form a connecting line of railroad between Huntington and Omaha; that on December 4th the defendant received of the plaintiff at Huntington 398 head of fat cattle, in good condition and of average weight, for transportation over said railroads to South Omaha, through such intermediate point upon said railroads as the plaintiff might thereafter designate, the stock to be consigned to the plaintiff at such point so designated; that the cattle were received under regular tariffs and were billed to the plaintiff as consignee at Minidoka, Idaho, on the line of defendant's railroad, it being the plaintiff's intention, as defendant knew, to continue the transportation from Minidoka to South Omaha, and that thence the goods were carried over the Union Pacific Railroad from American Falls to South Omaha; that both said railroad companies failed and neglected to perform their duties as such common carriers; that on divers occasions, while the cattle were in transit, they were allowed to remain in the cars for longer periods than 28 consecutive hours without unloading or permitting them to be unloaded or to receive rest, water, or food and were allowed to remain . for unreasonably long periods of time upon side tracks; that the cattle were so carelessly, negligently, and roughly handled that they were thrown down, bruised, and maimed; and that their transportation was unreasonably delayed. And the complaint alleged that the loss in weight of said cattle was 72 pounds each more than they would have sustained if they had been properly handled and alleged damages in the sum of $4,627. The answer, after denying the allegations of negligence, alleged that, after the cattle had been carried to Minidoka, the plaintiff refused to unload the same at that point, and that at his request they were transported to American Falls, at which place they were unloaded for feed, water, and rest, and 96 hours later the plaintiff reloaded the same and shipped them to South Omaha. The answer further alleged that, in consideration of a reduced freight rate, the plaintiff signed a live stock contract limiting the defendant's liability for injury to the stock from any cause not directly the result of gross negligence on the part of the carriers, their agents and servants, and that one of the provisions of the contract of shipment was that unless claim for loss, damage, or detention were presented "within ten days from the date of unloading of stock at destination, and before the said stock has been mingled with other stock, such·claim shall be deemed to be waived and the carriers and each thereof shall be discharged from liability." And the answer alleged that the notice was not given.

The plaintiff's reply alleged that the live stock contract was void for the reason that it was in violation of section 7 of the act of Congress known as the Hepburn Act, passed June 29, 1906 (Act June 29, 1906, c. 3591, 34 Stat. 593 [U. S. Comp. St. Supp. 1911, p. 1307]). At the close of the plaintiff's case, the defendant moved for a nonsuit on various grounds, one of which was that there was no evidence tending to show that the stock was injured through the defendant's negligence. Another was that there was failure of proof that the plaintiff gave notice to the defendant of his claim for damages within ten days after the unloading of the stock at destination, and before the stock had been intermingled with other stock, as required by the contract of shipment. On the ground last mentioned, the court granted the motion and entered a judgment of nonsuit.

Sharpstein & Sharpstein, of Walla Walla, Wash., and King & Saxton, of Portland, Or., for plaintiff in error.

P. L. Williams, of Salt Lake City, Utah, and W. W. Cotton, A. C. Spencer, and W. A. Robbins, all of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The contract provided that unless "claims for loss, damage, or detention are presented within ten days from the date of the unloading

of said stock at destination, and before said stock have been mingled with other stock, such claim shall be deemed to be waived, and the carriers and each thereof shall be discharged from liability." The evidence as to the plaintiff's compliance with this provision is that at Shoshone he told the agent there that he was going to put in a claim for side-tracking the cattle and "handling them bad" from Huntington on; that when he got to American Falls he told the local agent there would be a claim against the company for damages sustained and injury to the cattle; that when he got to Laramie City he told the agent there that there would be a claim for damages on the Short Line, and possibly some of it on the Union Pacific going to South Omaha; and that after the cattle were sold at South Omaha he talked with the agent there and told him the same thing, and that the agent advised him to put in the claim at Portland. The claim was put in at Portland, but it was after the expiration of ten days from the unloading of the stock at destination and after the stock had been mingled with other stock.

If, on arrival of live stock at destination, the shipper who, as in this case, accompanies them finds that they have been injured by the negligence of the carrier, it is a reasonable provision of the shipping contract that he give notice to the carrier of the extent, nature, and amount of his claim for damages, and that this shall be done before the stock are mingled with other stock in order that the carrier may have the opportunity to make timely investigation and protect itself against fictitious or imaginary claims. It is no compliance with such a provision to remark to a freight agent of the carrier along the line of the route that the shipper is going to put in a claim for damages. Nor is it a compliance to inform the agent at the place of destination that there will be a claim against the company for damages. To impart the information that a claim will be presented is not to present "a claim for loss, damage, or detention." It does not inform the carrier of the nature, extent, amount, or cause of damage. It gives no definite statement of facts upon which an investigation may be had, or which shows that an investigation is required.

[2] A stipulation that notice of a claim for damages be given before the stock is removed or intermingled with other stock, as a condition precedent to recovery, is a reasonable one, and it has been so held by the Supreme Court of the state in which the contract in this case was made. Smith Meat Co. v. Oregon, R. & N. Co., 59 Or. 206, 117 Pac. 303. And such is the uniform ruling of other courts on the same question. Clegg v. St. Louis & S. F. R. Co. (C. C. A.) 203 Fed. 971; Metropolitan Trust Co. v. Toledo, St. L. & K. C. R. Co. (C. C.) 107 Fed. 628; Parrill v. Cleveland, C., C. & St. L. Ry. Co., 23 Ind. App. 638, 55 N. E. 1026; Austin v. Railroad, 151 N. C. 137, 65 S. E. 757; Wichita & Western Ry. v. Koch, 47 Kan. 753, 28 Pac. 1013; Atlantic Coast Line R. Co. v. Bryan, 109 Va. 523, 65 S. E. 30; Southern Ry. Co. v. Adams, 115 Ga. 705, 42 S. E. 35; St. Louis & S. F. R. Co. v. Ladd, 33 Okl. 160, 124 Pac. 461. There was nothing in the circumstances, as disclosed by the record in the case at bar, to render

the requirement of the notice negligible or impracticable, as in the case of Chicago, R. I. & P. Ry. Co. v. Spears, 31 Okl. 469, 122 Pac. 228. Nor was there any waiver of the notice on the part of the defendant. There was no error, therefore, in granting the nonsuit.

The judgment is affirmed.