## JOHN VITTUCI CO. v. CANADIAN PAC. RY. CO.

(District Court, W. D. Washington, N. D.   January 26, 1917.)

No. 3514.

1. CARRIERS ☞62—CARRIAGE OF GOODS—CONTRACTS.
    A contract for the transportation of commodities may be oral.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 195–206½; Dec. Dig. ☞62.]

2. EVIDENCE ☞407(2)—PAROL EVIDENCE—CARRIAGE OF GOODS—"BILL OF LADING"—NATURE OF.
    A "bill of lading" is of twofold character, being a receipt and also a contract for the transportation of goods, which is not to be varied by parol evidence.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1827; Dec. Dig. ☞407(2).
    For other definitions, see Words and Phrases, First and Second Series, Bill of Lading.]

3. CARRIERS ☞69(2)—CARRIAGE OF GOODS—ACTIONS—DEMURRER—BILL OF LADING.
    The complaint, which was predicated upon an oral agreement for the transportation of goods by a common carrier, after alleging that the oral agreement was made, stated that defendant issued its receipt or bill of lading for the shipment, which bill of lading was assigned to plaintiff by the shipper. Held that, as a bill of lading, though a receipt, is also a written contract for the carriage of goods, which cannot be varied by parol, the complaint is subject to demurrer, being based on an oral contract, which it must be presumed was superseded by the bill of lading, in the absence of allegations to negative the presumption.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 228, 232½–234; Dec. Dig. ☞69(2).]

At Law.   Action by the John Vittuci Company against the Canadian Pacific Railway Company.   On demurrer to the complaint.   Demurrer sustained.

Aust & Terhune, of Seattle, Wash., for plaintiff.
Bogle, Graves, Merritt & Bogle, of Seattle, Wash., for defendant.

NETERER, District Judge. [1] The plaintiff predicates his action upon an oral agreement for the transportation of commodities by the

defendant, a common carrier. A demurrer has been filed to the complaint. I think the demurrer must be sustained. While it is stated on the face of the complaint that an oral agreement for the transportation was made, it is likewise stated that the defendant issued "its receipt or bill of lading for said shipment," and that the bill of lading was assigned to the plaintiff by the shipper. An oral contract for the transportation of commodities may be made. Mobile & Montgomery Ry. Co. v. Jurey, 111 U. S. 584, 4 Sup. Ct. 566, 28 L. Ed. 527; The Jeannie (D. C.) 225 Fed. 178. But where it is apparent upon the face of the complaint that a bill of lading was issued for the transportation of the commodities, the presumption is that the contract was merged in the bill, of lading, which must be the basis of the plaintiff's rights, unless there is some fact pleaded to negative such presumption.

[2] A bill of lading is a contract to transport and deliver the goods to the consignee upon the terms therein specified. The Supreme Court of the United States, in The Delaware, 81 U. S. (14 Wall.) 579, at page 601, 20 L. Ed. 779, speaking of a bill of lading, said:

"Such an instrument is twofold in its character; that is, it is a receipt as to the quantity and description of the goods shipped, and a contract to transport and deliver the goods to the consignee or other person therein designated, and upon the terms specified in the same instrument. Beyond all doubt a bill of lading, in the usual form, is a receipt for the quantity of goods shipped and a promise to transport and deliver the same as therein stipulated."

The Circuit Court of Appeals of the Second Circuit (Vanderbilt v. Ocean S. S. Co., 215 Fed. 886, 132 C. C. A. 226), speaking through Judge Rogers, said:

"A bill of lading has a twofold character. It is a contract to transport and deliver the goods to the consignee upon the terms specified in it; and it is also a receipt as to the quantity and description of the goods shipped. So far as it embodies the terms of the contract, it is not to be varied by parol evidence."

A bill of lading is a contract for the carriage of goods reduced to writing, and is the only evidence of the contract. Aspinall's Reports of Maritime Cases, vol. 6 (N. S.) 1886–90.

[3] The plaintiff may not sue upon "a special oral agreement," where the oral agreement is merged in a written bill of lading for the shipment of the goods. His right of action must be based upon the bill of lading. Indianapolis & Cincinnati Ry. Co. v. Remmy et al., 13 Ind. 518; Sun Mutual Ins. Co. et al. v. Mississippi Valley Transportation Co. (D. C.) 14 Fed. 699. The cause of action arising from a breach of a written contract of affreightment, evidence could not be received of an oral contract or agreement. The complaint, therefore, does not state a cause of action.

The demurrer is sustained.