## PACKARD v. SNELL, AIKEN & Co.

1. Pleading: PROOF MUST FOLLOW ALLEGATIONS. In an action on an account for work and labor performed the plaintiff cannot recover on facts showing a guaranty by defendants that other parties would pay for the work.

2. Amendment: AFTER APPEAL. While the district court or circuit court may, in the exercise of a proper discretion, and upon proper showing, allow amendments to pleadings after appeal from a justice of the peace, the parties cannot file them as a matter of right.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, SEPTEMBER 18.

THIS action was commenced before a justice of the peace upon an account charging defendants in this language: " To station work on Chicago & S. W. R. R., $75.00."

The answer denies indebtedness of defendants to plaintiff, and also denies the employment of plaintiff by defendants to do the work charged in the account. The answer also pleads payment. The cause was appealed to the circuit court, where, upon a trial to a jury, judgment was rendered for plaintiff. Defendants appeal.

*Tannehill & Fee* for the appellants.

*Miller & Crosby* for the appellee.

BECK, Ch. J. — Upon the trial there was evidence introduced by defendants tending to prove that the transaction between the parties, upon which is based plaintiff's claim, amounted to nothing more than a guaranty that other parties would pay for the work done by plaintiff, or that defendants would pay if these parties did not. It appears that plaintiff was prosecuting the work under a contract with one Burke. Failing to get his pay he made application to defendants, who were in some way interested in the work, in regard to the matter. Plaintiff's evidence tends to prove that defendants then entered into a contract with him to do the work, agreeing to pay him for what had been done as well as what should afterward be completed. On the other hand there is evidence on behalf of defendants tending to establish that they guaranteed to plaintiff that the party with whom he had made the contract for the work would pay him therefor, or that the defendants would "see him paid" or pay for the work in case the original contractors would not.

The defendants asked the court to give the following instructions to the jury : "2. If you find the defendants' promise was to guaranty the payment of the price of the work by Burke, you will find for defendants." "3. If you find that defendants' promise was to pay for the work in the event that Burke did not pay for it, you will find for the defendants."

These instructions should have been given. Plaintiff was not entitled to recover in this action upon the contracts contemplated in these instructions. The action is not brought upon either or both ; proof thereof and evidence of defendants' liability thereon were not grounds to hold defendants liable in this suit, and the jury ought to have been so informed. The instructions were demanded in view of the fact that defendants introduced evidence tending to show that the transaction between the parties amounted to nothing more than the contracts referred to in the instructions. This evidence and defense were proper under the state of the pleadings. If the facts stated in the instructions had been found by the jury, their verdict should have been for defendants. The refusal, therefore, so to direct them was error.

After the evidence was closed the court refused to permit defendants to amend their answer by setting up that the contract sued on is void under the statute of frauds. The defendants were not entitled, as a matter of right, to file a new pleading in the district court, but upon a proper showing the court, in the exercise of its discretion, could have permitted them so to do. *Stanton* v. *Warrick*, 21 Iowa, 76 ; *May* v. *Wilson*, id. 79. Defendant neither showed, nor attempted to show, any facts or circumstances, the existence of which required an extension to him of the indulgence asked. There was no abuse of the discretion which the law in such cases lodges in the trial court. We discover no sufficient ground of objection to other rulings of the court. But for the error above pointed out the judgment of the court cannot be sustained; for that error it must be

Reversed.