Sanders, Administratrix, *v.* Hartge *et al.*

---

SANDERS, ADMINISTRATRIX, *v.* HARTGE ET AL.

[No. 1,593.   Filed March 17, 1897.]

JUDICIAL NOTICE.—*As to Terms of Circuit Court.*—The Appellate Court takes judicial notice of the terms of a circuit court.

OFFICERS.—*County Clerk.—Presumption.—Claim Against Decedent's Estate.*—In the absence of a showing to the contrary it must be presumed that a county clerk, being a public officer, did what the law required him to do, and that a claim filed against a decedent's estate was properly transferred to the issue docket.

PLEADING.—*Plea in Abatement and Plea in Bar.—Order of Pleading.*—A plea in abatement must precede an answer in bar.

SAME.—*Complaint.—Recovery Only Upon Theory Declared Upon.*—Where an express contract is declared upon there can be no recovery on an implied contract, or upon the *quantum meruit.*

From the Delaware Circuit Court. *Reversed.*

*John W. Ryan, W. A. Thompson, J. N. Templer* and *E. R. Templer,* for appellant.

*Wagner & Bingham,* for appellees.

WILEY, J.—The appellant was the administratrix of the estate of John F. Sanders, her deceased hus-

band. The deceased was a lawyer and practiced his profession at Muncie, Indiana, where he died.

The record recites that "on the 20th day of May, 1893, the plaintiff  *  *  *  filed in the clerk's office of the Delaware Circuit Court the following, her complaint," etc.

To the original complaint the appellant addressed a demurrer, which was sustained by the court, and on December 8, 1893, the same being the third judicial day of the November term of said court, the appellee filed her amended complaint in two paragraphs. The substance of the first paragraph is that on or about October 1, 1890, one Hannah J. Puckett placed in the hands of the decedent $739.26 to be loaned for her; that at that time the said decedent held himself out as a money lender and attorney at law, and that she specially instructed him to use great care and diligence in loaning the same, and to make the loan on good and sufficient security; that he accepted said money and agreed and contracted with said Hannah J. Puckett to loan the same and to use great care in making the loan, and that he would only loan it on good and sufficient security; that he loaned said money to parties who were insolvent, and that the security taken by him was wholly insufficient and worthless and that by reason thereof said money was lost to the said Puckett and to the claimant; that a commission was paid said Sanders for his services in loaning said money; that the said Puckett is dead and that appellee is her only child and heir at law; that there was no indebtedness against the estate of said Puckett; that no administration was had upon her estate; that the claimant is the owner of the claim herein and that there are no set-offs against it.

The second paragraph avers that on or about the 1st of October, 1890, Hannah J. Puckett employed

John F. Sanders, an attorney at law, to prosecute for her an action upon a promissory note; that he accepted said employment; that a consideration was paid him for his services; that said note was the one described in the preceding paragraph; that judgment was procured thereon for $851.85; that said Sanders could, by using due skill and diligence, have collected said judgment, but that he failed to use due skill·and diligence in ordering execution upon said judgment, by reason of which said amount was wholly lost to the said Hannah J. Puckett and this claimant. Then follow averments of the death of said Puckett and that appellee is her only heir at law.

Each of these paragraphs is verified as a claim against an estate.

It is proper here, also, to state that each paragraph of the complaint charges that one Caleb G. Puckett was the surviving husband of Hannah J. Puckett, deceased; that by virtue of an antenuptial agreement between the said Hannah and Caleb, he had no interest in her estate, and that he was made a party defendant by leave of court to answer as to any interest he might have. Thereupon the said Caleb G. Puckett filed a disclaimer.

To this amended complaint, the appellant filed an answer in bar, in four paragraphs. ·This answer, over the appellee's objections and ·exception, was withdrawn by the appellant and she filed an answer in one paragraph, which is a general denial. Upon the sworn application of the appellee, Caleb G. Puckett at this time was admitted as a party defendant, and, as above stated, filed his disclaimer, and thereupon the appellant filed her plea in abatement, the material averments of which are, that the claim in controversy had never been filed against the estate of the decedent, Sanders, in the office of the clerk of the Del-

aware Circuit Court; that the same had not been entered upon the appearance and claim docket in the clerk's office; that said administratrix had not been given an opportunity to allow or reject the claim; that she has never rejected the same upon the appearance docket, and that said claim had not been verified by the claimant or any one on her behalf, as required by statute.

The appellee demurred to this plea in abatement, which the court sustained, and the appellant excepted.

Trial by jury, verdict for plaintiff for $874.00, and, with their general verdict, the jury returned answers to interrogatories submitted to them by the court. The appellant moved the court for judgment in her favor on the answers to the interrogatories, notwithstanding the general verdict; which motion was overruled. Over appellant's motion for a new trial, judgment was rendered for appellee.

Upon appeal, the appellant has assigned error in this court as follows: First. That the claim or complaint does not state facts sufficient to constitute a cause of action. Second. The court erred in sustaining the demurrer to appellant's plea in abatement. Third. The court erred in overruling the demurrer of appellant to the amended claim or complaint. Fourth. The court erred in overruling appellant's motion for judgment *non obstante veredicto*. Fifth. The court erred in overruling appellant's motion for a new trial. Sixth. The court erred in rendering final judgment against appellant on the general verdict.

We will first consider the second assignment of error. Section 2465, Burns' R. S. 1894 (2310, Horner's R. S. 1896), provides that claims against an estate shall be filed in the clerk's office where the estate is pending, and prohibits actions against the administrator or executor by complaint and summons.

Section 2473, Burns' R. S. 1894 (2318, Horner's R. S. 1896), is as follows: "Immediately upon the filing of a claim against an estate, the clerk shall enter the same in the claim docket of the estate, under the appropriate headings; * * * The filing of the claim, and entry thereof upon the claim docket, shall be deemed the commencement of the action upon such claim and shall be all the notice necessary to be given to the executor or administrator of the pendency of the action."

By the provisions of section 2474, Burns' R. S. 1894 (2319, Horner's R. S. 1896), it is made the duty of the administrator, if the claim shall have been filed and placed on the appearance docket ten days before the first day of the ensuing term thereof, to admit or refuse to admit such claim in writing on the margin of the appearance docket opposite such claim. Under the same section, if such claim is not admitted, the same shall be transferred to the issue docket; and shall stand for trial at the next term thereof as other civil actions pending therein.

Appellant's plea in abatement is based on the alleged fact that the claim was not filed in the clerk's office, entered on the claim docket and passed to the issue docket, and that it was not accompanied by an affidavit as required by statute. The position assumed by appellant upon this question is at least a novel one. In her original brief, the appellant says: "This was an action commenced in the court below by the appellee, Bertha Hartge, filing a pretended verified claim against the estate of the appellant's decedent in the clerk's office. This claim was disallowed by the appellant and, under the practice, it was brought upon the issue docket as a suit pending in the court below. The first thing done after the claim had laid the requi-

site time on the issue docket, was that the appellant filed her demurrer to the claim."

The record contains the following entry: "Be it remembered that, heretofore, to-wit: on the 20th day of May, 1893, the plaintiff  *  *  *  filed in the clerk's office of the Delaware Circuit Court the following, her complaint," etc.

At the October term, 1893, of said court, the record shows an appearance by the appellant and a demurrer by her to the complaint.  This court judicially knows that the terms of the Delaware Circuit Court begin on the first Mondays of January, March, June, September and November of each year.

It affirmatively appears that the appellee's claim was filed more than ten days before the September term, 1893, of said court, at which time appellant appeared and filed her demurrer.  In fact, between the filing of said claim and the beginning of the September term, the June term had intervened.

As the statute makes it the duty of the clerk to enter such claim on the claim docket and, if not admitted, to transfer it to the issue docket for trial; in the absence of any showing to the contrary, it must be presumed that the clerk, being a public officer, did what the law required him to do, and that the claim was rightfully transferred to the issue docket.

Public officers are presumed to do their duty.  State v. Wenzel, 77 Ind. 428; Adams v. Davis, 109 Ind. 10.

But, aside from this presumption that the clerk did his duty and that the claim was properly placed on the issue docket for trial, we think the facts appearing in the record estop appellant from asserting any right she may have had by reason of her plea in abatement. She appeared and demurred to the original complaint; her demurrer was sustained; an amended claim or complaint was filed; she demurred to that and it was

overruled, and appellant then answered in bar. After such answer, appellee amended her claim by making a new party and thereupon appellant withdrew her answer in bar and filed her plea in abatement.

It is a statutory rule that a plea in abatement must precede an answer in bar, and so the courts have universally held. *Collins* v. *Nichols,* 7 Ind. 447; *Jones* v. *Cincinnati, Type Foundry Co.,* 14 Ind. 89; *Field* v. *Malone,* 102 Ind. 251; *Glidden* v. *Henry,* 104 Ind. 278; *Brink* v. *Reid,* 122 Ind. 257; *Watts* v. *Sweeney,* 127 Ind. 116.

But it matters not whether this claim reached the issue docket according to the provisions of the statute, for the appellant entered a general appearance and thus waived any possible irregularity.

In the case of *Stapp* v. *Messeke, Exr.,* 94 Ind. 423, the court says: "An executor or administrator may require such a claim to be brought before the court in the mode prescribed by the decedent's act, but he is not bound to do so; he may make a full appearance and demur or answer, and the court will have jurisdiction, and the parties will be bound by such subsequent pleadings, as if they were required by law."

In *Frazer, Exr.,* v. *Boss,* 66 Ind. 1, the Supreme Court, speaking by Worden, J., said: "The circuit court * * * had jurisdiction of the subject-matter; and the executor, by appearing * * * and filing his demurrer * * * waived the objection that the claim had not been before filed and placed upon the appearance docket."

*Morrison* v. *Kramer,* 58 Ind. 38, is also in harmony with the last two cases above cited.

From the recital of the facts in the record, and these authorities, we are clearly of the opinion that the court did not err in overruling appellee's demurrer to the appellant's plea in abatement.

The fifth assignment of error calls in question the overruling of appellant's motion for a new trial, and our determination of the questions therein presented will render it unnecessary for us to consider the other errors assigned. In her motion for a new trial, appellant assigned thirty-seven causes, but for the purpose of the decision of this case we only need to notice the thirty-third, thirty-fourth, thirty-fifth and thirty-sixth causes, and they are as follows: 33d. "The verdict is not sustained by sufficient evidence." 34th. "The verdict is not sustained by the evidence." 35th. "The verdict is contrary to the evidence." 36th. "The verdict is contrary to the law."

These may all be considered together, for they raise the same question. The complaint proceeds upon the theory of an express contract between Hannah J. Puckett, the original payee of the note, and the appellant's decedent. The complaint alleges "that at the time the said Sanders received the said money he was specially instructed to use great care and diligence in making the loan thereof, and to make the loan thereof only upon good and sufficient security; that the said Sanders did then and there, upon receiving said money for the purpose of loaning, as aforesaid, agree and contract with the said Hannah J. Puckett to make the loan thereof and to use great care and diligence in so loaning and to loan it only upon good and sufficient security."

We have examined the record with very great care and are unable to find any evidence to support the verdict and judgment upon the theory of the case as it comes to us, and as made by the complaint. The appellee, having based her claim and tried her case upon an alleged special contract, she is bound thereby, and is not entitled to recover upon any other theory. *Louisville, etc., R. W. Co.* v. *Renicker*, 8 Ind. App. 404;

Sanders, Administratrix, *v.* Hartge *et al.*

*Boesker* v. *Pickett,* 81 Ind. 554; *Hewitt* v. *Powers,* 84 Ind. 295; *Telegraph Co.* v. *Reed,* 96 Ind. 195; *Ivens* v. *Cincinnati, etc., R. W. Co.,* 103 Ind. 27; *Chicago, etc., R. R. Co.* v. *Bills,* 104 Ind. 13; *Pennsylvania R. R. Co.* v. *Marion,* 104 Ind. 239; *Spencer* v. *McGonagle,* 107 Ind. 410; *Diltz* v. *Spahr,* 16 Ind. App. 591; *Browning* v. *Simons, ante.* 45.

The rule appears to be well settled, that where an express contract is declared upon there can be no recovery on an implied contract or upon the *quantum meruit.* Ency. of Pl. and Pract., vol. 4, p. 922; *Jonas* v. *King,* 81 Ala. 285, 1 South. 591; *Packard* v. *Snell,* 35 Ia. 80; *Davis* v. *Smith,* 79 Me. 351, 10 Atl. 55; *Whiting* v. *Sullivan,* 7 Mass. 107; *Middleport, etc., Co.* v. *Titus,* 35 Ohio St. 253; *Chesapeake, etc., Canal Co.* v. *Knapp,* 9 Pet. 541.

In *Paris* v. *Strong,* 51 Ind. 339, the Supreme Court, speaking by Downey, J., said: "The defendant having pleaded a general denial of the complaint, the plaintiff could not recover unless she proved the contract alleged in her complaint. * * * No rule of law can possibly be better settled, and none is more necessary in the administration of justice, than that the plaintiff must recover upon his allegations, or not at all. If this were not so, it would be a mockery to require him to state a sufficient case in his complaint. Having thus stated his case, his proofs ought to be confined to it, and if he has proved a different case, however meritorious, he should be defeated."

It was said, in the case of *Jeffersonville, etc., R. R. Co.* v. *Worland, Exr.,* 50 Ind. 339, that in an action based upon a special contract, the plaintiff cannot sustain his action by proof of a breach of an implied contract, or of the legal duty of the defendant as a common carrier to transport the stock in a reasonable

Sanders, Administratrix, *v.* Hartge *et al.*

time.   In such case there would not be a variance, but failure of proof.

In the case of *Schaffner* v. *Kober*, 2 Ind. App. 409, this court, speaking by Black, J., said: "In an action on a special contract there can not be a recovery on a *quantum meruit.*"

In the case of *Toledo, etc., R. R. Co.* v. *Levy*, 127 Ind. 168, the Supreme Court, speaking by Coffey, J., said: "It is undoubtedly true that a party cannot sue. upon a parol contract and recover upon a written contract. He must recover upon the case made by his complaint. A complaint cannot be made elastic so as to bend to the changing views of counsel as the cause proceeds. It must proceed to the end upon the theory upon which it is constructed."

It has been held that in an' action on a contract against two defendants and the proof shows a contract with but one of them, there can be no recovery. *Cobb* v. *Keith*, 110 Ala. 614, 18 South. 325; *Whittemore* v. *Merrill*, 87 Me. 456, 32 Atl. 1008.

It is of the highest importance to the administration of the law, that courts should adhere most tenaciously and strictly to this rule of pleading, which requires the pleader to be bound by his cause of action as stated by him.   Otherwise his adversary could have no assurance of the facts he would have to controvert to meet his attacks, and would be taken unaware in the forensic encounter at the bar.

There are other errors assigned in the record which appellant's learned counsel have discussed, but having reached the conclusion that the judgment must be reversed because there is no evidence in the record to support it, we deem it unnecssary to consider any other question.

Judgment reversed, with instructions to the court below to sustain appellant's motion for a new trial.