## EVERETT v. STUCK.

[No. 3,210. Filed October 2, 1900.]

PLEADING.—*Recovery Only Upon Theory Declared Upon.*—In an action upon the *quantum meruit*, to recover for work and labor done, there cannot be a recovery upon an express contract.

From the Allen Superior Court. *Reversed.*

*R. S. Robertson* and *W. S. O'Rourke,* for appellant.
*P. B. Colerick* and *H. Hanthorn,* for appellee.

WILEY, J.—This action originated before a justice of the peace. The complaint is as follows: "Comes now the plaintiff and says that the defendant is indebted to him in the sum of $125 for work and labor performed by the plain-

tiff for defendant and at the defendant's request. Plaintiff says said sum of money is due and unpaid." Prayer for judgment.

The appellant did not file any answer, and the case proceeded to trial and judgment under the issue made by the statute. There was judgment before the justice, and also on appeal to the Allen Superior Court, for appellee.

One of the errors assigned is the overruling of the motion for a new trial, and this is the only question appellant has discussed.

Appellee has not filed any brief, and we are left in ignorance of his theory of the case, only in so far as it is disclosed by the record. It is evident, however, from the complaint, that the action was upon the *quantum meruit,* to recover for work and labor done.

The first and second causes for a new trial are: (1) That the verdict is not sustained by sufficient evidence; (2) that the verdict is contrary to law.

A brief statement of the undisputed facts as disclosed by the record will suffice to show that the judgment can not stand. It is shown that appellant is a married woman and lives with her husband. The evidence of the appellee, one Phillip Kantz, and Charles E. Everett (appellant's husband) discloses the uncontradicted and undisputed fact that Charles E. Everett employed appellee as hostler and to do general chores about his barn and house, for which he agreed to pay him $28 per month. Appellee commenced his service under that contract July 11, 1898, and quit his employment November 5th, following. August 22, 1898, Everett paid appellee $20 by check, and about August 25th, he (Everett) was called to Tennessee on business. Before going, he arranged with another party to pay appellee an additional sum of $17. Everett returned from Tennessee about the 22nd of the following November. While Everett was in Tennessee, appellee frequently asked appellant for money, and inquired of her and others when he (Everett)

Everett v. Stuck.

would return. . He also stated to appellant that he would be willing to wait for his pay if he thought Mr. Everett would be home by November 23rd. There is not a word of evidence that appellant ever employed appellee. That he was employed by Mr. Everett, and was to be paid by him, under the original contract, there is no dispute. Appellant testified that on or about October 24th appellee brought to her a paper written by an attorney for appellee, and wanted her to sign it, saying that he had purchased a wagon some time before on credit; that he was unable to pay for it; that the vendors were threatening to take it from him, and that if she would sign the paper they would give him longer time. This evidence is not contradicted. Appellant thereupon signed the following instrument: "Fort Wayne, Ind., Oct. 24, 1898. In consideration of services rendered myself and husband by Jay Stuck and in consideration of the wages now due said Stuck for services rendered my husband, C. E. Everett, I agree to and with said Stuck to be responsible for any and all wages due said Stuck while he may be in the employ of my husband and also responsible to said Stuck for any sums of money now due to him and unpaid. [Signed] Mrs. C. E. Everett." This instrument, prepared for appellee by his attorney, aside from all the testimony, discloses the fact that there is no liability on the part of appellant upon the theory of the case adopted by appellee.

The rule is firmly settled in this State that a party can not sue upon one theory and recover upon another. A party must recover *secundum allegata et probata,* or not at all. *Sanders* v. *Hartge,* 17 Ind. App. 243, and authorities there cited.

Here appellee sued upon the express theory that appellant employed him to perform certain labor for her. The evidence shows she never employed him, but that his employment was by her husband. If she is liable to appellee, it is upon her written assumption of her husband's obligation and her written promise to pay. As to whether she is

liable under such assumption and promise, we do not decide, for the question is not before us. What we do hold is that appellee wholly failed to make a case under the evidence upon the theory of his complaint.

The judgment is reversed, and the court below directed to sustain appellant's motion for a new trial.