## THE PENNSYLVANIA COMPANY *v.* WALKER ET AL.

[No. 3,613. Filed June 6, 1902.]

APPEAL AND ERROR.—*Moot Questions.*—Where the special findings are insufficient to uphold the judgment on the theory of the complaint, the Appellate Court will not decide questions which are not necessary to the decision of the case. *pp. 285, 286.*

PLEADING.—*Variance.*—Where plaintiff brought suit against a railroad company under the common law liability as a common carrier, a recovery can not be had on a written contract. *p. 286.*

From Greene Circuit Court; *W. W. Moffett,* Judge.

Action by Ira I. Walker against the Pennsylvania Company for damages. From a judgment for plaintiff, defendant appeals. *Reversed.*

*S. O. Pickens* and *F. C. Olive,* for appellant.

*A. G. Cavins, W. L. Cavins* and *C. E. Henderson,* for appellees.

WILEY, C. J.—Appellees sued appellant upon the common law liability to recover damages for injury alleged to have been occasioned by its negligence in the shipment of a carload of stock from Switz City, Indiana, a station on appellant's road, to the city of Indianapolis. The complaint was in a single paragraph, to which appellant addressed an answer in denial. The case was tried by the court, and, upon proper request, the court made a special finding of facts and stated its conclusions of law thereon. The conclusion of law was that appellees were entitled to recover a stated amount, and judgment in harmony therewith followed. By the special finding of facts it was developed that appellees entered into a written contract with the Chicago, Indianapolis and Louisville Railroad Company to ship the car from Bloomfield to Switz City, where it was to be delivered to appellant to be carried to its destination. That contract is set out in full in the special findings, and contains provisions which attempt to limit the liability of the carrier as to certain specific matters.

Appellant seeks to have the court construe the provisions limiting its liability, in the face of the fact that appellees have wholly failed to make a case as disclosed by their complaint. As the facts disclosed by the special findings are insufficient to uphold the judgment upon the theory of the complaint, we can not, under the law as well settled, give time to the examination and decision of moot questions, the determination of which will serve no useful purpose and which are not necessary to the decision of the case. See *State, ex rel., v. Board, etc.,* 153 Ind. 302, and cases there cited.

The appellees having bottomed their action upon the common law liability of appellant as a common carrier, on account of its alleged negligence, it can not recover upon a written contract, and the court will not countenance a waiver of such fact to the end that unnecessary questions may be decided. It is settled law that a party can not sue upon a parol contract and recover upon a written contract. He must recover upon the case made by his complaint or not at all. This rule is so familiar that comment is unnecessary. In the case of *Sanders* v. *Hartage,* 17 Ind. App. 243, this question was fully discussed and the authorities collected and cited. We content ourselves by referring to that case.

Another well settled rule of law is, that a plaintiff must recover, if at all, upon the theory of his complaint. He can not sue upon one theory and recover upon another. *Louisville, etc., R. Co.* v. *Renicker,* 8 Ind. App. 404, and authorities cited. *Diltz* v. *Spahr,* 16 Ind. App. 591. The appellees having rested their case upon an oral contract, or more strictly speaking, the common law liability of appellant as a common carrier, they are bound by that theory and they can not recover upon the contract disclosed by the special findings. The facts wholly fail to support the case as made by the complaint.

The judgment is reversed, and the court below is directed to grant appellant a new trial.