## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* HOLLOWELL.

[No. 21,125. Filed June 11, 1909.]

1. TRIAL.—*Variance.*—*Carriers.*—*Action for Breach of Common-Law Duty.*—*Proof of Written Contract.*—Prior to the taking effect of the act of 1905 (Acts 1905, p. 58, §§3918-3920 Burns 1908), prescribing the practice in cases against common carriers for violations of duties in the transportation of freight, when a shipper sued on the carrier's common-law liability, and it ap-

peared that there was a written contract, the shipper could not recover on account of failure of the proof. p. 469.

2. CONTRACTS.— *Written.— Oral.— Actions on.— Recovery.*—At the common law where an oral or implied contract is declared upon, the proof must show such a contract, and where a written contract is alleged, the proof must support such allegation. p. 469.

3. TRIAL.— *Answers.— Proof Admissible.— Contracts.—Written.— Oral.*—At the common law, in an action on an oral, or a written, contract, proof that the contract was not oral, or not written, is admissible under an answer of general denial. p. 469.

4. PLEADING.—*Sustaining Demurrer to Paragraph of Answer.— Facts Provable Under Another.*—Sustaining a demurrer to a paragraph of answer is harmless, where the facts therein contained are provable under another. p. 469.

5. CARRIERS.—*Liability.*—A shipper has the right to demand that the carrier transport his goods under the common-law liability, and if the demand therefor would have been unavailing, the shipper is not compelled to show such a demand. p. 470.

6. CARRIERS.—*Railroads.—Agents.—Bills of Lading.—Terms.—Contracts.*—Where a railroad agent, on behalf of his company executed a contract with a shipper, limiting the company's common-law liability, such agent having no authority to execute a contract involving a common-law liability on behalf of his company, such contract is not binding, and the shipper has a right of action on the company's common-law liability for the loss of his goods. p. 470.

7. APPEAL.—*Constitutional Law.—Avoidance of Decision on.*—The Supreme Court will not determine the constitutional validity of a statute, unless necessary to a decision of the case.        p. 471.

From Hendricks Circuit Court; *John C. Robinson,* Special Judge.

Action by Robert T. Hollowell against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Leonard J. Hackney, Frank L. Littleton* and *Enloe & Pattison,* for appellant.

*Cofer & Dougan* and *Brill & Harvey,* for appellee.

MONKS, J.—This action was brought by appellee against appellant to recover damages for an alleged breach of its common-law duty safely to carry and to deliver a carload of sheep. The first paragraph alleged a contract to carry to

Chicago, Illinois. The second paragraph is the same as the first, except it alleged a contract to carry to Terre Haute, Indiana, and there to deliver to another carrier, whose line ran from Terre Haute to Chicago, Illinois. Appellant filed an answer to the complaint in four paragraphs, the first paragraph being a general denial. Appellee's demurrers for want of facts to the second, third and fourth paragraphs of answer were sustained as to the second and fourth paragraphs and overruled as to the third paragraph of answer. Trial by the court, special finding of facts made and conclusion of law stated thereon in favor of appellee, and, over a motion for a new trial, judgment against appellant.

The errors assigned and not waived call in question the conclusion of law and the action of the court in sustaining appellee's demurrer to the second and fourth paragraphs of answer.

The second paragraph of the answer set out at length a written contract between appellant and appellee for the transportation of appellee's sheep, which limited appellant's common-law liability, and alleged that said contract was the sole and only contract for the transportation of said sheep. The fourth paragraph of answer was substantially the same as the second. It is insisted by appellant that the action of the court in sustaining the demurrers to the second and fourth paragraphs of answer was erroneous, for the reason that the act of 1905 (Acts 1905, p. 58, §§3918-3920 Burns 1908), entitled "An act relative to the liability of common carriers and prescribing the practice and procedure and fixing the burden of proof in certain cases," is in violation of that part of article 4, §22, of the Constitution of this State, which forbids the enactment of local or special laws "regulating the practice in courts of justice," and therefore void, and for the further reason that it is in violation of the 14th amendment to the Constitution of the United States.

Before the taking effect of said act of 1905 it had been

uniformly held by this court that when a shipper sued on the common-law liability, and it appeared that there

1. was a written contract, the shipper could not recover on account of failure of proof. §402 Burns 1908, §393 R. S. 1881, and notes; *Barlett* v. *Pittsburgh, etc., R. Co.* (1884), 94 Ind. 281, 284; *Indianapolis, etc., R. Co.* v. *Remmy* (1859), 13 Ind. 518; *Jeffersonville, etc., R. Co.* v. *Worland* (1875), 50 Ind. 339; *Lake Shore, etc., R. Co.* v. *Bennett* (1883), 89 Ind. 457, 471; *Hall* v. *Pennsylvania Co.* (1883), 90 Ind. 459; *Snow* v. *Indiana, etc., R. Co.* (1887), 109 Ind. 422, 426; *Pennsylvania Co.* v. *Walker* (1902), 29 Ind. App. 285; *Parrill* v. *Cleveland, etc., R. Co.* (1900), 23 Ind. App. 638; *Stewart* v. *Cleveland, etc., R. Co.* (1898), 21 Ind. App. 218, 226; *Indianapolis, etc., R. Co.* v. *Forsythe* (1891), 4 Ind. App. 326; *Baltimore, etc., R. Co.* v. *Ragsdale* (1896), 14 Ind. App. 406; *Sanders* v. *Hartge* (1897), 17 Ind. App. 243.

This was only an application of the rule that where an oral or implied contract is declared upon no recovery can be had upon a written contract, and where a written

2. contract is sued upon no recovery can be had upon an oral or implied contract. *Paris* v. *Strong* (1875), 51 Ind. 339; *Jeffersonville, etc., R. Co.* v. *Worland, supra; Sanders* v. *Hartge, supra,* and cases cited; *Pennsylvania Co.* v. *Walker, supra;* 4 Ency. Pl. and Pr., 922-927.

It was uniformly held, however, that such defense was provable under the general denial. *Indianapolis, etc.,*

3. *R. Co.* v. *Remmy, supra; Baltimore, etc., R. Co.* v. *Ragsdale, supra,* page 411; *Crum* v. *Yundt* (1895), 12 Ind. App. 308; *Sanders* v. *Hartge, supra.*

The error, if any, in sustaining a demurrer to a pleading is harmless if no more evidence is required to establish the cause of action or defense alleged under a paragraph

4. left in the record than would have been required under the paragraphs held bad. *Field* v. *Noblett* (1900), 154 Ind. 357, 361; *Hormann* v. *Hartmetz* (1891),

128 Ind. 353, 354. As the same defenses could be made and evidence given under the general denial, which was left in the record as under the paragraphs held bad, the error, if any, in sustaining said demurrer was harmless.

The law charges the common carrier with the duty of carrying all goods of the kind he professes to carry under the common-law liability, which makes him a practical

5. insurer of the safety thereof while in his custody. The owner may rightfully demand that such property shall be received and carried under the carrier's common-law liability, and a contract limiting such liability, to which he is obliged to assent in order to secure transportation, cannot be considered as having been freely and fairly entered into, and will be of no effect in relieving the carrier from his common-law liability. It is not necessary, to conclude the owner by the terms of a special contract limiting the liability of the carrier, that he should actually have been offered the option of shipping subject to the terms of such contract or under the carrier's common-law liability. It will be sufficient if it would have been given if the owner had demanded it. But if such demand would have been unavailing, the owner would be under no duty to make it, and his assent to a contract restricting the common-law liability of the carrier would not bind him. 1 Hutchinson, Carriers (3d ed.), §404; *Lake Erie, etc., R. Co.* v. *Holland* (1904), 162 Ind. 406, 63 L. R. A. 948; *Louisville, etc., R. Co.* v. *Gilbert, Parkes & Co.* (1889), 88 Tenn. 430, 12 S. W. 1018, 7 L. R. A. 162; *Little Rock, etc., R. Co.* v. *Cravens* (1892), 57 Ark. 112, 20 S. W. 803, 38 Am. St. 230, 18 L. R. A. 527; note to *Chicago, etc., R. Co.* v. *Calumet Stock Farm* (1901), 88 Am. St. 68, 77-79, 93-95.

It appears from the special findings that said carload of sheep was shipped from Danville, Indiana, on June 3, 1906; that at the time a contract was prepared by appellant's agent on one of the forms furnished by it,

6. which limited its liability in the shipment of live

stock; that the same was signed on behalf of appellee and by the agent of appellant; that said form of contract was the only form of contract then in use at said station for the shipment of live stock; that no agent of appellant had any authority to make on appellant's behalf any contract for the shipment of said sheep at the risk of appellant on the payment of a higher rate than that named in said contract, or on any other consideration, or to make any contract therefor except the one signed by the parties, and no opportunity was given appellee to make any contract for the shipment of said sheep, except the one executed.

It is evident from said findings that any demand of appellee that appellant carry said sheep under the common-law liability would have been unavailing, because there was no one authorized to make such a contract on behalf of appellant, and therefore, under the authorities before cited, appellee's assent to the contract limiting the common-law liability of appellant did not bind him. In such case, under the authorities cited, appellee had the right to disregard the contract limiting the liability of appellant, because he was not bound thereby and had the right to sue for the breach of the common-law duty. *Lake Erie, etc., R. Co.* v. *Holland, supra.* This was the rule before the taking effect of the act of 1905, *supra.*

Even if said act of 1905 is unconstitutional, as claimed by appellant, the conclusion of law stated in favor of appellee upon the facts found was not erroneous. It is settled law that this court will not pass upon the constitutional validity of a statute when it can properly rest its decision upon other grounds. *White* v. *Sun Publishing Co.* (1905), 164 Ind. 426, 430, and cases cited.

As the special findings show that appellee was not bound by the contract limiting the common-law liability of appellant, it was liable for a breach of its common-law duty. The court did not err, therefore, in its conclusion of law.

Judgment affirmed.